## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Kefilwe Lekuntwane, and all others similarly situated**<br><br>**Plaintiffs**<br><br>V.<br><br>**Help at Home CT, LLC, Alzheimer's and Dementia Care, LLC, Homecare Connections, LLC and Mary Ann Ciambriello**<br>**Defendants** | **CIVIL ACTION NO.:**<br><br><br><br>March 23, 2020 |

## COLLECTIVE AND CLASS ACTION COMPLAINT

### I. INTRODUCTION

1. Employers of Home Health Aides, a/k/a Caregivers, who pay a day rate to these non-exempt employees, must pay overtime by dividing their weekly pay by their weekly hours and paying half the resulting regular rate for all overtime hours. 29 C.F.R. Sec. 778.112.

2. Here, Defendants paid a day rate to their live-in Home Health Aide employees but did not pay overtime as required by law, even though they were aware that they worked 91 hours per week, i.e., 51 overtime hours.

3. Employers must accurately record all hours worked, even night-time interruptions caused when their clients need assistance in the night and meals that they work through. 29 C.F.R. Sec. 552.110(b)

4. Here, Defendants failed to accurately record all hours worked by their Home Health Aide employees. Their employees were frequently interrupted during the night and failed to get at least 5 hours of uninterrupted sleep time.

1

They were also unable to have 3 one-hour meal breaks. Nevertheless, Defendants assumed that their employees all had 8 hours of uninterrupted sleep time and took 3 full one-hour meal breaks (29 C.F.R. Sec. 552.102) and failed to pay them for this time.

5. As a result, Defendants kept hundreds of thousands of dollars in wages that it should have paid to Plaintiff and the class, all in violation of state and federal wage and hour laws.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 since they are so related to her FLSA claims that they form part of the same case or controversy.

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) because the acts or omissions giving rise to claims in this Complaint took place in this judicial district.

## III. THE PARTIES

9. Plaintiff is an individual residing within this judicial district. She worked as Home Healthcare Aide (HHA) for Defendants from approximately March of 2019 to October 19, 2019.

10. Help at Home, LLC is a limited liability company organized and existing under the laws of the state of Connecticut. Its principal place of business is located at 11 Red Bard Rd, Trumbull, CT 06611.

11. Homecare Connections, LLC is a limited liability company organized and existing under the laws of the state of Connecticut. Its principal place of business is located at 11 Red Bard Rd, Trumbull, CT 06611.

12. Alzheimer's and Dementia Care, LLC is a limited liability company organized and existing under the laws of the state of Connecticut. Its principal place of business is located at 11 Red Bard Rd, Trumbull, CT 06611.

13. Defendant Mary Ann Ciambriello is the owner of Defendants Homecare Connections, LLC, Help at Home, LLC, and Alzheimer's and Dementia Care, LLC; she is the "ultimate responsible authority" and the cause of the legal violations alleged herein.

14. All Defendants have the same business and residential address of 11 Barn Rd, Trumbull, CT 06611.

15. At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

16. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

17. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

18. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C.§216(b). The named Plaintiff's written consent is attached hereto and incorporated by reference.

**IV.     LEGAL PRINCIPLES**

19.     Employers must pay overtime to their non-exempt workers when they work more than 40 hours in a work week. 29 U.S.C. Sec. 201, *et seq*.; C.G.S. Sec. 31-58, *et seq*.

20.     Employers have a non-delegable duty to accurately record and pay for all time worked by their employees. 29 C.F.R. Sec. 552.110(b).

21.     Employers who pay their non-exempt workers a daily rate must add overtime premiums to those employees' weekly pay calculated by dividing the weekly pay by the number of hours worked and paying half of the resulting regular rate for all overtime hours. 29 C.F.R. Sec. 778.112.

22.     Home Health Agencies must ensure that their live-in home health aides get at least five hours of uninterrupted sleep time each night during their eight hour sleep period, otherwise the employer must pay for the entire eight hour sleep period. 29 C.F.R. Sec. 785.22 and 29 C.F.R. Sec. 552.102.

23.     Employers must pay wages during an employee's meal breaks if the employee's meal time is spent predominantly for the benefit of the employer. *Reich v. S. New Eng. Telecomms. Corp.,* 121 F.3d 58, 64 (2d Cir.1997); 29 C.F.R. Sec. 785.19 and 29 C.F.R. Sec. Sec. 525.102.

24.     Employers must post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in an area where Plaintiffs are employed.  C.F.R. Sec. 516.4.

**V.    FACTS**

25.    Defendants hired Plaintiff to work as a Home Health Aide in approximately March of 2019.

26.    Defendants employ approximately 100 Home Health Aides in Connecticut.

27.    Defendants assign Plaintiff and other HHAs to be "live-in" HHAs for their clients.

28.    Defendants assign their HHAs non-exempt duties including: activities of daily living, including cooking for and serving breakfast, lunch and dinner to customer; bathing customer as needed; assisting customer change clothing and underwear/diaper during the day and night as needed; helping customer put on and take off customer's clothes every day; sitting with customer and watch customer eat food and watch television and; physically watching over customer at all times and remaining within eye and earshot of customer, including placing an electronic monitoring device in customer's room to monitor to customer at all times including at nighttime; assisting customer with incontinence; assisting customer with personal hygiene; assisting customer with taking medication and; escorting customer for medical appointments.

29.    Defendants paid Plaintiff and all of their live-in HHAs during the period of the claim a daily rate.

30.    For example, Defendants paid Plaintiff Kefilwe Lekuntwane a daily rate of $156.00.

31. Defendants informed Plaintiff and all of their HHAs that they were allowed eight hours of sleep time and three one-hour meal breaks per day. This schedule resulted in a minimum of thirteen hours per day of work.

32. Over a 7-day work week, this schedule resulted in a minimum of 91 hours of work time, 51 of which was overtime.

33. Defendants paid Plaintiff and all of their HHAs a flat daily rate for their work and did not calculate and pay overtime premiums as required by 29 C.F.R. 778.112.

34. For example, during the a typical week, Plaintiff worked as a live-in HHA for seven (7) days at a rate of $156 per day. According to her assigned schedule, she worked a minimum of 91 hours for a seven day week. Defendants paid her $1,092 for her work that week.

35. Defendants should have calculated overtime by dividing $950 by 91 hours worked, resulting in a regular rate of $12.00 per hour. Defendants should have paid half that rate, or $6.00 per hour, for each of Plaintiff's 51 hours of overtime, adding $306.00 to her pay for that week.

36. Instead, Defendants paid her only $1,092 for that week, and failed to pay her the overtime premiums due under the law.

37. In addition, Defendants failed to accurately record all of Plaintiff's work time, including interruptions during her sleep and meal breaks.

38. Defendants provided Plaintiff and all HHAs with a time sheet, which did not have a place for them to record their interruptions.

39. In fact, Plaintiff, and Defendants' other HHAs, were frequently interrupted during their sleep and meal breaks to care for Defendants' clients. Defendants' clients frequently needed to be attended to during the night for such reasons as trips to the bathroom, dementia, insomnia, to monitor clients' medical device such as a ventilator or breathing machine with its oxygen tank, or if a client is in hospice, to turn them over every two hours to prevent bed sores.

40. In fact, Defendants' clients frequently interrupted Plaintiff and other HHAs so much that they were unable to have at least five hours of uninterrupted sleep time per night. Defendants were aware of these sleep interruptions at night time because Plaintiff and other HHAs, from time to time, informed Defendants of these interruptions. But Defendants never modified their time sheets or took any other steps to accurately record all hours worked by Plaintiff and other HHAs.

41. Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4.

42. As a result, Defendants knowingly and willfully failed to pay Plaintiff and the other HHAs the full wages that they were due and instead retained those wages for their own use and benefit.

**VI.   THE COLLECTIVE ACTION**

43. Plaintiff brings claims under 29 U.S.C. § 216(b) of the Fair Labor Standards Act on behalf of herself and all other HHAs who have worked for Defendants in Connecticut from the period beginning from three years before the filing of the complaint until the date of final judgment in this matter.

44. Plaintiff and the other HHAs are similarly situated in that they are all subject to Defendants' common plan or practice of designating them as exempt from the overtime requirements of FLSA, when in fact their work is not exempt.

### VII. THE CONNECTICUT RULE 23 CLASS

45. Plaintiff brings claims under the Connecticut Wage Act, C.G.S. §§ 31-58 *et seq*., and Rule 23 of the Federal Rules of Civil Procedure, for herself and on behalf of a class consisting of all HHAs in Connecticut during the period beginning two (2) years prior to the filing of this lawsuit until the date of final judgment in this matter.

46. Class certification for these Connecticut law claims is appropriate under Fed. R. Civ. P. 23 (a) and Fed. R. Civ. P. 23 (b)(3) because all the requirements of the Rules are met.

47. The class is so numerous that joinder of all members is impracticable. Upon information and belief, Defendants employed approximately 100 HHAs who worked at least one 24-hours overnight shift in Connecticut during the past two (2) years.

48. There are questions of law and fact common to the class, including whether the putative class members worked overtime but were not paid overtime in violation of Connecticut law.

49. The named Plaintiff's claims are typical of those of the class members. Plaintiff's claims encompass the challenged practices and course of conduct of Defendants. Furthermore, Plaintiff's legal claims are based on the same legal theories as the claims of the putative class members. The legal

issues as to which federal and state laws are violated by such conduct apply equally to Plaintiff and to the class.

50. The named Plaintiff will fairly and adequately protect the interests of the class. The Plaintiff's claims are not antagonistic to those of the putative class and she has hired counsel skilled in the prosecution of class actions.

51. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. This proposed class action under Fed. R. Civ. P. 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

## VIII.   LEGAL CLAIMS

**COUNT ONE:   VIOLATION OF THE FAIR LABOR STANDARDS ACT, 21 U.S.C. Section 201, *et seq.* against Defendant Health at Home CT, LLC**

52. All the previous paragraphs are hereby reincorporated as if more fully set forth herein.

53. Based on the foregoing, Defendant Health at Home CT, LLC's conduct in this regard was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

54. Plaintiff and all other similarly situated HHAs who opt into this litigation are entitled to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

9

**COUNT TWO:** **VIOLATION OF THE CONNECTICUT WAGE ACT, C.G.S. Section 31-58, *et seq.* against Defendant Health at Home CT, LLC**

55. All the previous paragraphs are hereby reincorporated as if more fully set forth herein.

56. Based on the foregoing, Defendant Health at Home CT, LLC's conduct in this regard was a violation of the Connecticut Wage Act, C.G.S. §§ 31-58, *et seq.*

57. Accordingly, Plaintiff and all other similarly situated HHAs in Connecticut are entitled to compensation for all overtime hours worked, penalty damages, attorneys' fees and court costs.

**COUNT THREE:** **VIOLATION OF THE FAIR LABOR STANDARDS ACT, 21 U.S.C. Section 201, *et seq.* against Defendant Alzheimer's and Dementia Care, LLC**

58. All the previous paragraphs are hereby reincorporated as if more fully set forth herein.

59. Based on the foregoing, Defendant Alzheimer's and Dementia Care, LLC's conduct in this regard was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

60. Plaintiff and all other similarly situated HHAs who opt into this litigation are entitled to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

**COUNT FOUR:      VIOLATION OF THE CONNECTICUT WAGE ACT, C.G.S. Section 31-58, *et seq.* against Defendant Alzheimer's and Dementia Care, LLC**

61. All the previous paragraphs are hereby reincorporated as if more fully set forth herein.

62. Based on the foregoing, Defendant Alzheimer's and Dementia Care, LLC's conduct in this regard was a violation of the Connecticut Wage Act, C.G.S. §§ 31-58, *et seq.*

63. Accordingly, Plaintiff and all other similarly situated HHAs in Connecticut are entitled to compensation for all overtime hours worked, penalty damages, attorneys' fees and court costs.

**COUNT FIVE:      VIOLATION OF THE FAIR LABOR STANDARDS ACT, 21 U.S.C. Section 201, *et seq.* against Defendant Homecare Connections, LLC**

64. All the previous paragraphs are hereby reincorporated as if more fully set forth herein.

65. Based on the foregoing, Defendant Homecare Connections, LLC's conduct in this regard was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

66. Plaintiff and all other similarly situated HHAs who opt into this litigation are entitled to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

**COUNT SIX:** **VIOLATION OF THE CONNECTICUT WAGE ACT, C.G.S. Section 31-58, *et seq.* against Homecare Connections, LLC**

67. All the previous paragraphs are hereby reincorporated as if more fully set forth herein.

68. Based on the foregoing, Defendant Health at Home CT, LLC's conduct in this regard was a violation of the Connecticut Wage Act, C.G.S. §§ 31-58, *et seq.*

69. Accordingly, Plaintiff and all other similarly situated HHAs in Connecticut are entitled to compensation for all overtime hours worked, penalty damages, attorneys' fees and court costs.

**COUNT SEVEN:** **VIOLATION OF THE FAIR LABOR STANDARDS ACT, 21 U.S.C. Section 201, *et seq.* against Defendant Mary Ann Ciambriello**

70. All the previous paragraphs are hereby reincorporated as if more fully set forth herein.

71. Based on the foregoing, Defendant Mary Ann Ciambriello's conduct in this regard was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

72. Plaintiff and all other similarly situated HHAs who opt into this litigation are entitled to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

**COUNT EIGHT:**     **VIOLATION OF THE CONNECTICUT WAGE ACT, C.G.S. Section 31-58,** *et seq.* **against Defendant Mary Ann Ciambriello**

73. All the previous paragraphs are hereby reincorporated as if more fully set forth herein.

74. Based on the foregoing, Defendant Health at Mary Ann Ciambriello's conduct in this regard was a violation of the Connecticut Wage Act, C.G.S. §§ 31-58, *et seq.*

75. Accordingly, Plaintiff and all other similarly situated HHAs in Connecticut are entitled to compensation for all overtime hours worked, penalty damages, attorneys' fees and court costs.

**DEMAND FOR RELIEF**

Plaintiff claims:

a. Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

b. Certification of the Connecticut class action pursuant to Fed. R. Civ. P. 23(b)(3) and the appointment of Plaintiff and her counsel to represent those classes;

c. An award of unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 216(b);

d. An award of unpaid overtime wages under the Connecticut Wage Act, C.G.S. § 31-68;

e. An award of liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 216(b);

f. An award of penalty damages under Connecticut Wage Act, C.G.S. § 31-68;

g. Attorneys' fees under the Fair Labor Standards Act, 29 U.S.C. § 216(b);

h. Attorneys' fees under the Connecticut Wage Act, C.G.S. § 31-68;

i. Interests and costs;

j. Injunctive relief in the form of an order directing Defendants to comply with the Connecticut Wage Act; and

k. Such other relief as in law or equity may pertain.

**JURY DEMAND**

Plaintiff demands a trial by jury by all issues so triable.

          Kelfilwe Lekuntwane, individually and on behalf of other similarly situated individuals

By: */s/ Richard E. Hayber*
    Richard E. Hayber
    Hayber McKenna & Dinsmore, LLC
    750 Main Street, Suite 904
    Hartford, CT 06103
    Fed. Bar No.: ct11629
    (860) 522-8888 telephone
    (860) 218-9555 facsimile
    rhayber@hayberlawfirm.com


By: */s/ Nitor V. Egbarin*
    Nitor V. Egbarin, ct05114
    Law Office of Nitor V. Egbarin, LLC
    100 Pearl Street, 14th Floor
    Hartford, CT 06103-3007
    Fed. Bar No.: ct05114
    (860) 249-7180 telephone
    (860) 408-1471 facsimile
    NEgbarin@aol.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Kefilwe Lekuntwane, and all others similarly situated**<br><br>**Plaintiffs**<br><br>V.<br><br>**Help at Home CT, LLC, Alzeimer's and Dementia Care LLC, Homecare Connections, LLC, Carla Ciambriello, Mary Ann Ciambriello and Frank Ciambriello**<br>**Defendants** | **CIVIL ACTION NO.:**<br><br><br><br><br><br>**March 20, 2020** |

## CONSENT TO JOIN ACTION AND AUTHORIZATION TO REPRESENT
### Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I hereby designate Hayber, McKenna & Dinsmore, LLC, at 900 Chapel Street, in New Haven, Connecticut, 06510, The Law Office of Nitor V. Egbarin, LLC, 100 Pearl Street, 14th Floor Hartford, CT 06103-3007, and the named Plaintiff to represent me for all purposes in this action.

2. I have worked for the above-captioned Defendants within the last three years as a Home Health Aid.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the Court or any settlement of this action.

Signature _____  Date 3/20/2020 _____

Print Name Kefilwe Lekuntwane _____