```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

Kefilwe Lekuntwane,              :
individually and on behalf of    :
other similarly situated         :
individuals,                     :
                                 :
     Plaintiffs,                 :
                                 :
v.                               :   Case No. 3:20-cv-00386(RNC)
                                 :
Help at Home CT, LLC;            :
Alzheimer's and Dementia Care,   :
LLC; Homecare Connections, LLC;  :
and Mary Ann Ciambriello         :
                                 :
     Defendants.                 :
```

ORDER GRANTING FINAL APPROVAL TO A
FLSA COLLECTIVE AND RULE 23 CLASS ACTION SETTLEMENT

On March 23, 2020, plaintiff filed a collective and class action complaint against defendants alleging violations of the Fair Labor Standards Act ("FLSA")[1] and the Connecticut Wage Act.[2] On February 22, 2024, the Court preliminarily approved the parties' proposed settlement, directing that notice be mailed to Class Members, and setting the date for the final fairness hearing. On May 1, 2024, Plaintiff filed an unopposed Motion for an Order Granting Final Approval to a FLSA Collective and Rule 23 Class Action Settlement. The Court held a final

---

[1] 29 U.S.C. § 201, et seq.
[2] Conn. Gen. Stat. § 31-58.

approval hearing, during which it signaled its intent to approve of the settlement and suggested that an order would follow.

For good cause shown, and for the reasons stated below, the motion is granted, the agreement is approved, and this Civil Action is dismissed with prejudice to refiling.

I.

1.  The Court preliminarily approved the settlement agreement that is the subject of this motion (the "Agreement") by order (the "FLSA Collective and Rule 23 Class Action Settlement Preliminary Approval Order") entered on February 22, 2024.  See ECF No. 105.  A copy of the Agreement was attached to Plaintiffs' motion for preliminary approval as an exhibit, ECF No. 102-1, and it is incorporated in this Order by reference. The terms used in this Final Approval Order shall have the same meaning as they are defined in the Agreement.

2.  On May 20, 2024, the Court conducted a Fairness Hearing to consider final approval of the Agreement.  The Court has considered all matters submitted to it at the Fairness Hearing, the pleadings on file, the applicable law, and the record.

3.  For the purposes of settlement, the Court finds that the proposed Rule 23 Class, as defined in the settlement agreement between the Parties, meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil

Procedure. Accordingly, this Court certifies the following proposed Rule 23 Class:

> All individuals who, at any time during the period between March 23, 2017 to the present, were employed by Defendants within the State of Connecticut as live-in caregivers.

The agreed upon list of designated Rule 23 Class Members, for settlement purposes only, is attached to the Agreement. See ECF No. 114-1, Exhibit A.

For the purposes of settlement, the Court finds that the proposed FLSA Collective, as defined in the settlement agreement between the Parties (the "Agreement"), is similarly situated. Accordingly, the Court certifies the proposed FLSA Collective, a list of which is attached to the Agreement. See ECF No. 114-1, Exhibit B.

4. Class Representative. For the purposes of settlement, the Court approves Kefilwe Lekuntwane ("Named Plaintiff"), as the Class Representative.

5. Class Counsel. For the purposes of settlement, the Court appoints as Class Counsel for the Rule 23 Class Richard E. Hayber of the Hayber, McKenna & Dinsmore, LLC, 750 Main Street, Suite 904, Hartford, CT 06103, and Nitor V. Egbarin of the Law Offices of Nitor V. Egbarin, 100 Pearl Street, 14th Floor, Hartford, CT 06103.

6. Approval of the Agreement. The Court approves the Agreement and finds that it is a reasonable compromise of the claims of the Rule 23 Class Members. The Agreement is fair, just, reasonable and adequate to, and in the best interest of, the Rule 23 Class members. It achieves a definite and certain result for the benefit of the Rule 23 Class Members that is preferable to continuing litigation in which the Rule 23 Class Members would necessarily confront substantial risk (including the risk of non-certification of a class and the risk of loss), uncertainty, delay, and cost. This Order constitutes final approval of the Agreement. The Agreement is binding on the parties to it and on all Rule 23 Class Members excepting only those individuals, if any, who excluded themselves from the Class in accordance with the terms of the Agreement.

7. Notice to the Class. The Court determines that notice was given as required by the Rule 23 Preliminary Approval Order. The Court finds that the notice given of the proposed settlement was the best practical notice under the circumstances and provided the Rule 23 Class Members with fair and adequate notice of the terms of the Agreement, the Fairness Hearing, and of their right to exclude themselves from the class or to object to the settlement. The Court finds the Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

8. The Court finds that the Agreement: (a) is fair to all parties; (b) reasonably resolves a bona fide disagreement between the parties with regard to the merits of the claims of the Named Plaintiff, the FLSA Collective and the Rule 23 Class members; and (c) demonstrates a good faith intention by the parties that these claims be fully and finally resolved, not subject to appellate review, and not re-litigated in whole or in part at any point in the future. The Court therefore approves the Agreement, including its release of claims.

9. By operation of the Agreement and this Final Approval Order, and except as to such rights or claims as may be created by the Agreement or those non-waivable by law, Named Plaintiff and all Participating FLSA Collective and Rule 23 Class Members are hereby irrevocably and unconditionally deemed to have forever and fully released Defendants and all Released Parties from any and all Released Claims. The Named Plaintiffs and the Participating FLSA Collective and Rule 23 Class Members are forever barred from bringing or presenting any action or proceeding against Defendants or any of the Released Parties that involve or assert any of the Released Claims.

10. The Agreement shall be administered in accordance with its terms, and the $1,340,000.00 Total Settlement Amount will be distributed as follows:

   a. The amount of $836,334 will be paid to the class, inclusive of costs to administer the settlement and service payments to the Named Plaintiff. Said payments will be made twice per year for five years with the final payment including unclaimed payments to class members.

   b. Named Plaintiff, Ms. Lekuntwane, will be paid $20,000.00 (subject to court approval) as a service award for her efforts on behalf of the class and $20,000.00 for separate claims that she made for interrupted sleep time.

   c. Unclaimed amounts from the $836,334,000 will be redistributed among the class in the final settlement payment.

   d. The amount of $446,666 will be allocated to reasonable attorney fees.

   e. The amount of $17,700 will be allocated as litigation expenses.

11. Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment, the Agreement, and all matters ancillary to the same.

12. The Agreement reflects a compromise of disputed claims. The findings and rulings in this Final Approval Order

are made for the purposes of settlement only. Nothing in the Agreement or this Final Approval Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be deemed or admissible or used as evidence of (or as an admission of) liability by Defendants or any of the Released Parties, or of any fault or wrongdoing whatsoever, or as evidence that (or as an admission that) this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure for any purpose other than settlement.

    13.    This Civil Action is dismissed with prejudice.

So ordered this 5th day of June 2024.

                                /s/ RNC
                        Robert N. Chatigny
                  United States District Judge